PATRICK *et al.*, Trustees Methodist Episcopal Church, v.
BARKER.

35 451
129 368

Subscription: RIGHT OF ACTION ON. Where a subscription of certain lots is made on condition that a building of a certain character shall be erected thereon, the subsequent refusal of the subscriber to convey the lots, will not, without performance, give to the persons to whom the subscription is made, the right to maintain an action for the value of the lots. Their remedy would be to perform their part, after which they could compel performance on the part of the defendant.

*Appeal from Iowa Circuit Court.*

SATURDAY, DECEMBER 16.

ACTION for the recovery of a subscription toward the building of a church in Victor, Iowa. The petition alleges that defendant agreed to give two lots of the value of $400 and to pay $50 in money. That a deed for the

lots had been demanded, which defendant refused to give. Judgment is asked for $450 and interest.

The defendant filed a cross-petition in equity alleging that the subscription was made upon condition that the church should be erected upon the lots donated. That it was understood and agreed that this condition should be incorporated into the subscription, but that it had been omitted through mistake and forgetfulness, and that the church had been erected elsewhere. Defendant asks that the contract be reformed. Plaintiffs deny the allegations in the cross-petition, and allege that they hauled their lumber for said church building, and had the same framed ready for erection, and had posts for foundation planted on the two lots designated by Barker under his said subscription, and were ready and wanted to erect said building thereon; and that it was not done because the defendant refused to give a deed therefor other than a qualified or conditional deed.

The cause was tried by the court by the first method of trying equitable issues.

The court found for plaintiff, refused to reform the contract, and entered judgment against defendant for $522.

Defendant appeals.

*Clark & Haddock* and *Garretson & Simpson* for the appellant.

*C. Hedges* for the appellee.

Day, J.— I. It is not denied, and indeed cannot be, that it was understood at the time of the subscription, that the church should be erected upon the lots which the defendant proposed to give. Upon this subject C. P. Reynolds, the pastor in charge of the congregation, and who acted for it in procuring the subscription, testified as follows: " He raised some objection in the first place to giving any thing. That he was afraid it might not succeed. That

the lots might not be used for that purpose, or might be appropriated to some other enterprise, and that it was not the kind of house he wanted to see built. After talking the matter over I satisfied him that the trustees desired the lots for the church only, and to erect a church building upon them. That they could not claim the lots unless they did erect a building upon them. After thus canvassing the matter he cheerfully subscribed the lots and $50 in money toward the erection of the church."

The question made is as to whether it was agreed that this condition should be incorporated in the subscription. Respecting this the testimony is conflicting, but it seems to us the preponderance is with the defendant. The defendant testifies as follows: "The lots were to be used for the purpose of building a church on them, and this was a condition which was to be made a part of the written subscription. He agreed that if I would sign, that they would build on it the next summer a church, and use the lots for that purpose, and in case they did not, that the subscription should be null and void. Mr. Reynolds said at that time he would make these conditions a part of the subscription, and he accepted of it in that way." To the same effect is the testimony of W. M. Ellis, except that he states the promise of Reynolds to put this condition in the subscription was after Barker had signed his name. Reynolds denies that any such agreement was made. The cause is here for trial *de novo*, and it seems clear to us that the position of defendant is sustained by the weight of the evidence.

We are the more readily brought to this conclusion from the reasonableness that such a condition should form part of the written subscription, inasmuch as it is admitted that it was upon that condition that the subscription was made.

II. From the evidence it appears that plaintiffs erected foundation posts upon the lots designated by defendant,

and were preparing to construct the church building thereon, and that defendant refused to execute a conveyance for the lots other than one containing a reversion to the grantor whenever the lots ceased to be used for church purposes, whereupon the trustees removed the foundation and erected the house elsewhere. It may be conceded that the conduct of the defendant was a breach of his agreement, and that it exonerated plaintiffs from their obligation to erect the building on defendant's lots. But it did not authorize them to abandon the agreement upon their part and still insist upon a performance upon the part of defendant. They had an option either to perform the agreement upon their part, and compel performance upon the part of defendant, or to abandon the agreement and exonerate defendant from his obligation. They elected to pursue the latter course.

It follows that the judgment of the circuit court must be

Reversed.